Law Office of Jeffrey S. Niesen
Jeffrey S. Niesen
1411 W. Pinehill Road
Spokane, Washington  99218
Tel: 509 822-7140

Counsel for Defendant
Joseph Owen Burnett

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.  20 CR 00096 RMP -3 |
| Plaintiff, | |
| vs. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| JOSEPH OWEN BURNETT | |
| Defendant. | |

Comes now defendant  JOSEPH OWEN BURNETT by and through his attorney Jeffrey S. Niesen, in accordance with the Court's sentencing order of March 10, 2021 (ECF 104) presents for the Court's consideration Defendant's Sentencing Memorandum.  Sentencing is scheduled for April 15, 2021, at 10:00 A.M.

### Introduction

Joseph Owen Burnett (hereinafter sometimes referred to as "Mr. Burnett or defendant") is before the court for sentencing arising from his conviction by plea to Count 1 of an Indictment filed August 4, 2020 (ECF 24).

## Criteria for Sentencing

With the Supreme Court's decision in *United States v. Booker* and *United States v. Fanfan, 125 S. Ct. 738 (2005),* the landscape for sentencing a federal criminal defendant changed. Previously in fashioning a sentence the Court was bound by the mandatory provisions of the Federal Sentencing Guidelines, the *Booker* and *Fanfan* decisions made it clear that the Guidelines were advisory only. While the guidelines were to be considered and given weight, it was just one of a number of factors the Court was to consider in deciding an appropriate sentence in accordance with 18 U.S.C. § 3553. The ultimate task, taking all of the facts and circumstances into account, is whether the sentence imposed is reasonable.

In *United States v. Carty, 520 F.3d 984 (en banc) (9th Cir 2008),* the Ninth Circuit reviewed the three *post-Booker* Supreme Court opinions in order to clarify the requirements for the district court's determination of a "reasonable sentence" within the circuit. The *Carty* court echoed the Supreme Court's dictate that "[a]ll sentencing proceedings are to begin by determining the applicable Guideline range." *Id. 991*. The other factors to be considered are those criteria set forth in 18 U.S.C. § 3553(a). The overarching statutory goal is for the district court to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public and provide the defendant with training, medical care and correctional treatment. *Id.*

The sentencing court is also directed to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the types of sentences available, unwarranted sentencing disparities, and the need to provide restitution to the victims of the offence. *Id.*

## The Presentence Investigation Report

The draft pre-sentence report (ECF 96) was reviewed and the objection noted was made known to the Probation officer on March 1, 2021. The objection centered around whether the defendant was subject to a 2 level enhancement for bribing Officer Mattern to commit the criminal acts addressed in Count 1 of the Indictment. On March 17, 2021, the probation officer filed an addendum to the Presentence Report rejecting defendant's objection (ECF 109) and filed the Pre-sentence Report unchanged. (ECF 110). It was noted that the Court will have to rule on the appropriateness of the enhancement.

## Mr. Burnett's Sentence

### I. Base Offense level & Enhancements

The defense agrees that the proper Base Offense level is a level 24 increased by 2 levels pursuant to USSG Sec. 2D1,1(b)(4) for a resulting base level of 26. It rejects, as discussed below, the additional 2 levels for bribery set forth in Paragraph 71 of the PIR. As a result, after the adjustment for acceptance of responsibility, the defense believes that the proper Total Offense Level is level 23 (92-115 months) rather than a level 25 (110 -135 months) with criminal history points at a level VI.

**II. Departures**

No departures are noted.

**III. 18 U.S.C. 3553(a) factors:**

In accordance with 18 U.S.C. 3553(a) the factors to be considered by the Court in imposing a sentence which is sufficient, but not greater than necessary are as follows: (1) the nature and circumstance of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law and provide just punishment; (3) to afford adequate deterrence to criminal conduct; (4) to protect the public from further crimes of the defendant; and (5) provide the defendant needed educational or vocational training, medical care or corrective treatment in an effective manner. Each of these criteria in the context of this case will be discussed in turn.

**1. Nature of the Offense and Characteristics of Defendant:**

The overall facts of this case are well known to the Court are will not be exhaustively set forth. Basically, Mr. Burnett was approached by Travis Franklin (hereinafter Franklin), the runner for Corrections Officer Mattern (hereinafter Mattern), who advised Mr. Burnett that he had the means to get contraband (drugs) into the Airway Heights Jail facility. Franklin explained that Mattern would bring the contraband into the jail in exchange for a share of the drugs. Mr. Burnett was interested because with the COVID 19 pandemic raging contact with the public was halted. Mr. Burnett was known as a person who could make Suboxone, a prescription medication, available. Having secured Mr. Burnett's

cooperation, Franklin told Burnett what he wanted Burnett to obtain. Burnett never spoke to Mattern directly, and with one exception he took all his directions from Franklin.

Burnett embraced the enterprise and over the ensuing weeks used his contacts on the outside and arranged for co-defendant Lorentzen and others to acquire and give illegal drugs to Mattern.  Mattern, after taking his cut of the drugs, would bring the drugs into the facility, give the contraband to Franklin would than distribute it to Burnett and others. The money collected though the sale to inmates was forwarded by Burnett to Lorentzen.  She would use it to acquire more contraband. When Mattern demanded through Franklin a cut of the money, she was the conduit through which the money was paid.

At some point, Mattern, through Franklin, asked for sex.  That request was dutifully given to Burnett who thereafter arranged through Lorentzen for that to occur.  Likewise, the request that methamphetamine be obtained came from Franklin.  Burnett,  independently asked Lorentzen to acquire heroin.

The government argues that Mattern was bribed by Mr. Burnett to involve himself in these criminal activities.  As "proof" it offers phone conversations of Mr. Burnett's activities to acquire and arrange for the delivery of cash and contraband to Mattern.  All that those conversations reveal is that once having joined the conspiracy to obtain and distribute the contraband,  Mr. Burnett was diligent in executing  his role in these actions.

Defendant's Sentencing Memorandum                                                                 5

Mattern has an interest in convincing the Court that he was "bribed" into violating his trust as a correction officer. The inference is that absent the bribe he would not have been influenced to engage in illegal activities and that somehow this mitigates his actions. While it is not known what has caused this claim to be advanced, it must be pointed out that in his initial statement to investigators he made no claim that he was "bribed". The claim was that he was involved as a result of threats. Since that statement is replete with demonstrable lies it is submitted that nothing he says is worth beliefing.

Federally bribery is the offering, giving, receiving, or soliciting of something of value for the **purpose of influencing** the action of an official in the discharge of his public or legal duties. See, 18 U.S. Code Sec. 201. The suggestion of engaging in this conspiracy did not originate with Mr. Burnett. It originated with Mattern and perhaps Franklin (who remains mysteriously an unindicted co-conspirator). Mr. Burnett was influenced and induced to engage in this criminal conduct by Mattern and Franklin, not the other way around.

There is no evidence that Mr. Burnett's conduct "influenced" the criminal actions of Mattern. The enhancement for bribery recommend by the government and seeming picked up whole cloth by Probation, is not justified or applicable.

Mr. Burnett, is 34 years old, single and never married. He has two minor children both of which live with their mother in Chewelah, Washington. He is close with their mother and in contact with both children. He is determined, going forward, to play a positive role in their lives.

Defendant dropped out of school in the ninth grade. He earned his GED at the Washington Corrections facility in 2008.

Mr. Burnett has been a long-time drug addict. At 15 he began using heroin and methamphetamine. Heretofore, his drug of choice was heroin. His addiction has been the source of his problems with law-enforcement and limited his involvement with his children. It has impacted his ability to help out his mother and sister and has caused the loss of gainful employment.

Mr. Burnett is smart, enterprising and articulate. He recognizes that his life is a mess and that it must change. He also realizes that any further involvement with drugs will have severe and perhaps lifetime consequences. He is determined to do all that is necessary to (1) beat his addiction and avoid drugs, (2) become a positive role model for his children, (3) gain and maintain profitable (and legal) employment, and (4) become a worthy member of our community. Most of all he is determined to cease being a criminal. He recognizes that these goals will take time and effort to achieve and he is willing - more than willing – to put in the work and effort to make that happen.

**2. The seriousness of the offense, promote respect for the law and provide just punishment.**

The offense charged is serious as reflected by the statutory and guidelines that result. Mr. Burnett recognizes this truth and is well aware that future illegal conduct involving drugs will be catastrophic.

**3. Afford adequate deterrence, and, 4. Protect the Public.**

Adequate deterrence and the protection of the public results from his incarceration.

**5. Education and vocational training etc.**

Mr. Burnett requests the Court's recommendation that he be offered the RDAP program on drug abuse offered by the Bureau of Prisons. Thereafter, he be offered while on supervised release, entry into the STEP program administered under the guidance of Judge Neilson.

**Motion for Variance**

Mr. Burnett has an extensive criminal history all of which is a result of his drug addiction. Basically, that history falls into three categories: drug offenses, theft and violations for escape or falsely identifying to authorities. What it does not involve are major felonies at least up to the time of the instant offense. We ask the Court to recognize that this criminal history is a direct result of Mr. Burnett's drug addiction and in that respect is overstated in seriousness.

**Conclusion**

Mr. Burnett asks that the Court uphold his objection to the enhancement for bribery and that the Court determine the proper Offence Guideline to be a level 23. That his resultant guideline range be deemed to be 92-115 months and that the PIR be ordered amended accordingly.

At the time he was taken into custody Mr. Burnett was in state custody with approximately 60 days remaining on his sentence. It is requested that the court

Defendant's Sentencing Memorandum                                                              8

order that his federal sentence and the remainder of his state sentence be deemed to run concurrently and that he receive duel credit for his time since he was taken into custody by federal authorities.

Due to his lack of funds the defense concurs in the recommendation that no fine be imposed.

The defense believes that a term of supervised release of 5 years is appropriate and be imposed rather than the 10 years sought by the government.

Finally, it is asked that the Court recommend to BOP that Mr. Burnett's incarceration take place as close to Spokane as possible. This is to facilitate visits from his family.

Dated: March 29, 2021            Respectfully Submitted,

Law Office of Jeffrey S. Niesen
s/Jeffrey S. Niesen for
Joseph Owen Burnett

Certificate of Service

I hereby certify that on March 29, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: AUSA David Herzog, Counsel for the United States of America.

s/Jeffrey S. Niesen (33850)
Law Office of Jeffrey S. Niesen
1411 W. Pinehill Rd.  Spokane WA, 99218
509-822-7140

jsniesen1@yahoo.com