PROB 12C
(6/16)

Report Date:  September 2, 2025

## United States District Court

**for the**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Sep 03, 2025**

SEAN F. MCAVOY, CLERK

**Eastern District of Washington**

ECF No 181

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender: Joseph Owen Burnett          Case Number: 0980 2:20CR00096-MKD-3

Address of Offender: ███████████████  Spokane, Washington 99212

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, Senior U. S. District Judge
Name of Supervising Judicial Officer: The Honorable Mary K. Dimke, U.S. District Court Judge.

Date of Original Sentence: April 15, 2021

| | |
|---|---|
| Original Offense: | Conspiracy to Distribute 5 Grams or More of Actual(Pure) Methamphetamine, Heroin, and Buprenorphine(Suboxone), 21 U.S.C. § 846, 841(a)(1), (b)(1)(B)(viii)(b)(1)(c), (b)(1)(E)(I) |

Original Sentence:     Prison - 56 months;          Type of Supervision: Supervised Release
                       TSR - 120 months

Asst. U.S. Attorney:   David Michael Herzog        Date Supervision Commenced: June 6, 2025

Defense Attorney:      Jeffery Scott Niesen         Date Supervision Expires: June 5, 2035

---

### PETITIONING THE COURT

To issue a **warrant**.

On June 9, 2025, Mr. Burnett signed his judgement acknowledging his understanding of his conditions of supervised release.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**:  It is alleged that Mr. Burnett is in violation of his conditions of supervised release by using cocaine and methamphetamine on or around August 9, 2025.

On August 11, 2025, Mr. Burnett reported to the probation office to submit to random urinalysis testing. Prior to giving a sample, he disclosed to the undersigned officer his use of cocaine and methamphetamine around August 9, 2025.  He signed a written admission form.

Prob12C

**Re: Burnett, Joseph Owen**
**September 2, 2025**
**Page 2**

2  **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**:  It is alleged Mr. Burnett is in violation of his conditions of supervised release by using fentanyl on or around August 19 and 20, 2025.

On August 19, 2025, Mr. Burnett provided a urinalysis test at Pioneer Human Services (PHS), as part of his random urinalysis testing requirements.  The urine sample yielded a positive result for the presence of fentanyl. Mr. Burnett denied the use of fentanyl and the urine sample was sent to the contract laboratory for further testing.

Additionally, Mr. Burnett was instructed to submit to urinalysis testing at the probation office on August 20, 2025.  The urine sample was again presumptive positive for fentanyl. Mr. Burnett continued to deny the use of fentanyl and the urine sample was sent to the contract laboratory for further testing.

Both urine samples returned positive for fentanyl from the contract laboratory.

3  **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**:  It is alleged Mr. Burnett is in violation of his conditions of supervised release by using cocaine and methamphetamine on or around August 19 and 20, 2025.

On August 19, 2025, Mr. Burnett provided a urinalysis test at Pioneer Human Services (PHS), in part of his random urinalysis testing requirements.  The urine sample yielded a positive result for the presence of methamphetamine.  The  urine sample was sent to the contract laboratory for further testing.

Additionally, Mr. Burnett was instructed to submit to urinalysis testing at the probation office on August 20, 2025.  The urine sample was again presumptive positive for methamphetamine Mr. Burnett denied the use of methamphetamine since his last reported use on August 9, 2025.  The urine sample was sent to the contract laboratory for further testing.

Both urine samples returned positive for methamphetamine from the contract laboratory.

4  **Special Condition # 6**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: It alleged Mr. Burnett is in violation of his conditions of supervised

Prob12C
**Re: Burnett, Joseph Owen**
**September 2, 2025**
**Page 3**

release by consuming alcohol on or around August 20, 2025.

Mr. Burnett was instructed to submit to urinalysis testing at the probation office on August 20, 2025. The urine sample was again presumptive positive for alcohol. Mr. Burnett denied the use of alcohol. The contract laboratory confirmed the urine sample to be positive for alcohol.

5    **Standard Condition # 8**: You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

**Supporting Evidence**: It is alleged Mr. Burnett is in violation of his conditions of supervised release by associating and interacting with someone he knows is engaged in criminal activity.

According to a police report filed by the Coeur d' Alene, Idaho, Police Department on August 19, 2025, case number 25C38796, Mr. Burnett was observed by a police officer parked at the gas pumps at a gas station in Coeur d' Alene, Idaho. The officer observed Mr. Burnett standing outside his vehicle showing clear signs of drug use. Mr. Burnett was later pulled over on a traffic stop at 9:22 p.m. The police officer observed Mr. Burnett's vehicle drifting into other lanes of traffic on multiple occasions.

When Mr. Burnett was contacted, the officer observed " pock marks" on his body. Based on training and experience, the officer knew these to be associated with drug use. Due to the totality of circumstances, Mr. Burnett could not provide identification, the time of night, driving pattern, and the officer's observation of Mr. Burnett's potential drug use, another officer conducted a free air sniff using a K9 dog. The K9 alerted to the presence of narcotics inside the vehicle. A probable cause search of the vehicle was initiated and Mr. Burnett exited the vehicle. Mr. Burnett stated that his passenger " may have meth, a scale, and a meth pipe" on him. The officer located a scale in the driver's side door next to where Mr. Burnett was seated. Mr. Burnett denied it was his and attempted to blame his passenger. When Mr. Burnett was questioned further about these items, he said he did not want to get into trouble and just got out of federal prison. Mr. Burnett admitted to officers he suspected his passenger to have methamphetamine on him. When questioned further about the scale found in his driver's side door, Mr. Burnett said his passenger must have placed it in the driver's door pocket, next to where Mr Burnett was seated.

Officers contacted Mr. Burnett's passenger. He was making movements and reaching around the vehicle. The passenger was ignoring commands to stop reaching around the vehicle and he was removed from the vehicle and detained. Mr. Burnett's passenger continued to prevent officers from conducting a pat search, by pushing his body up against the vehicle, and the officers believed he was attempting to conceal contraband. An officer lifted the passenger's shirt exposing his waistline and in plain view, they found a clear plastic baggie containing methamphetamine. The officer described the bag of methamphetamine to be so large it was distending his pocket making it easily visible. The bag consisted of a large sandwich bag containing several smaller bags containing methamphetamine.

**Prob12C**
**Re: Burnett, Joseph Owen**
**September 2, 2025**
**Page 4**

Mr. Burnett told the officers they were going to see a friend, but the officer pointed out that if they were going to see this friend, they were going the opposite direction to get there. Mr. Burnett told officers that his passenger wanted to stop at Walgreen's for " something." When officers continued to question Mr. Bunrett, his story kept changing and some of his answers were deceptive.

Officers asked Mr. Burnett if the friend he was going to go see is a drug dealer. He responded "no" but the other male with whom he/she lived with was a drug dealer.

Ultimately, Mr. Burnett was released from the scene and his passenger was arrested for drug charges.

Mr. Burnett's passenger is a convicted felon and a registered sex offender and Mr. Burnett was not given authorization by the undersigned officer to associate with. In addition, per Mr. Burnett's statements made to police make it appear he was fully aware Mr. Moser was involved in criminal drug activity.

6    **Standard Condition #2:** After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence:** It is alleged Mr. Burnett violated his conditions of supervised release by failing to report to the probation office as directed on September 2, 2025.

On September 1, 2025, the undersigned officer sent Mr. Burnett a text message directing him to report to the probation office at 9:30 a.m. on September 2, 2025. Mr. Burnett responded " yes sir I'll be there."

On September 2, 2025, Mr. Burnett sent the undersigned officer a message at 9:31 a.m. saying he " lost track of time" and was headed to the probation office. The undersigned officer instructed him to report at 10:30 a.m.

Mr. Burnett has failed to report as directed to the probation office.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    09/02/2025

s/Corey M McCain

Corey M McCain
U.S. Probation Officer

Prob12C

**Re: Burnett, Joseph Owen**
**September 2, 2025**
**Page 5**

## THE COURT ORDERS

[  ]    No Action
[X]    The Issuance of a Warrant
[  ]    The Issuance of a Summons
[  ]    The incorporation of the violation(s) contained in this
          petition with the other violations pending before the
          Court.
[  ]    Defendant to appear before the Judge assigned to the
          case.
[  ]    Defendant to appear before the Magistrate Judge.
[  ]    Other

_____
Signature of Judicial Officer

September 3, 2025
_____
Date